**Billy SMITH, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1964.

John Rose, Columbia, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

The appellant, Billy Smith, was sentenced to life imprisonment for assaulting with intent to rob, on March 30, 1963, an 86-year old woman who lived alone in an isolated section of Adair County. The elderly woman was tortured in an attempt to force her to disclose the location of about $5,000 in cash which she supposedly had stashed away in her home, part of the proceeds from old age pension payments which she saved because she "did not know what time the old age would stop on me * * * and I didn't dress it out and I didn't run around on the strength of it * * *. I lived on half rations to save it, you know." With her hands pinned to her side by one of her three assailants and the knife of another painstakingly cutting her throat, the old lady kept her secret. Found on her front porch the next morning by a neighbor who usually

cashed her pension checks for her, she was rushed to the hospital where faithful care and her own rugged resistance managed to overcome the effects of the multiple bruises and lacerations, the basal skull fracture and shock which she had suffered.

At the trial she described one of her assailants as being tall, another as being not so tall but with long hair, and the third as being "chunky looking"—descriptions which covered the appellant and his companions. All three of the alleged assailants had prior convictions and one of them was married to one of her granddaughters. The kinsman pleaded guilty and Smith and the other defendant were tried jointly and both were convicted.

The appellant and the other two men had been seen together late that day and the evidence disclosed that they had drunk an indeterminate amount of wine, beer and whisky. The appellant's companions said he had nothing to do with the crime, but his footprints were found leading to and from the old lady's home and for several hundred feet to the place where his automobile had been parked, leaving tire marks which were also identified.

■ We think it clear from this resume of the prosecution's case that there was enough evidence offered to sustain a conviction and to show clearly that the trial court properly refused to direct a verdict for the appellant.

■■ The appellant claims that the trial court erred in not affording him a separate trial. This issue is covered specifically by RCr 9.16 which permits the trial court discretion as to when to order separate trials of persons jointly accused of a crime, and in the present case we conclude that the trial court did not abuse its discretion when it refused to grant the appellant a separate trial. Similar latitude is afforded the trial court in deciding whether to allow persons tried jointly more than the fifteen peremptory challenges, the number allowed an individual accused in a criminal trial, RCr

9.40(1) and (3), and we find no abuse of the trial court's discretion here. The instruction given on the defense of drunkenness was adequate.

The judgment is affirmed.