**Kenneth HART, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

G. G. Teague, Jr., Williamsburg, for appellant.

Robert Matthews, Atty. Gen., H. N. Mc-Tyeire, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

Kenneth Hart, tried under an indictment for storehouse breaking (KRS 433.190), was convicted and sentenced to five years in the penitentiary. He appeals from the judgment entered.

The primary contention made on this appeal for reversal of the judgment is that Hart's conviction rests solely upon the testimony of two accomplices and, as there was a lack of corroborative evidence tending to connect him with the commission of the offense, he was entitled to a directed verdict. We believe this contention is meritorious.

RCr 9.62 provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. In the absence of corroboration as required by law, the court shall instruct the jury to render a verdict of acquittal."

During the night of August 20th, or the early morning of August 21, 1963, at Woodbine in Whitley County, a store owned by A. O. Perkins and the post office which is housed next to it were broken into and

ransacked. Entry was made through a window in the front of the post office, and access to the store was gained by prying open a door that connects the two enclosures. A money order machine and a mail bag were taken from the post office. Merchandise and equipment of the estimated value of $1250 were stolen from the store.

Appellant, jointly indicted with Edward Russell Caywood and Fred Francis Gross, moved for and was granted a separate trial. Caywood and Gross, testifying for the Commonwealth, admitted their guilt in connection with the perpetration of the crime. They implicated appellant, stating that he transported them in his car to and from the scene of the crime.

Admittedly, the testimony of Caywood and Gross made appellant an accomplice in the commission of the offense. The Commonwealth produced W. H. Hendrickson, one of the postal inspectors who investigated the case. It is maintained his testimony corroborated that of Caywood and Gross. He questioned appellant concerning his participation in the larcenous act, and we quote from the evidence in the record the result of this witness' interrogation of appellant:

"Q 7  Did he say he did not break into the store?

"A   He didn't say that he did and he didn't say that he didn't. He said he didn't know anything about it and didn't remember anything about it."

This is all that was brought out as tending to substantiate, if it does, the testimony of the accomplices. We do not believe it was sufficient.

■  Corroborative testimony must be of such a quality that a reasonable mind could conclude it points toward guilt and tends to establish some fact that links the accused with the principle fact of the commission of the crime. See Harris v. Commonwealth, Ky., 285 S.W.2d 489. In Hartsock v. Commonwealth, Ky., 382 S.W.2d 861, this Court said: "The corroborative testimony may be circumstantial and may include an admission or confession of the defendant on trial. The court will consider implications in a defendant's testimony which are inimical to his claim of innocence."

The Commonwealth argues the jury might justifiably infer from appellant's statement that he was connected with the perpetration of the offense of which he is accused. It is asserted he also sought to establish a very poor memory and thus escape liability for his criminal acts.

Appellant did not testify. It was proven, too, he was drinking heavily at the time. In the case of White v. Commonwealth, 292 Ky. 416, 166 S.W.2d 873, White was charged with having committed rape. In a statement made by him prior to his trial he neither admitted nor denied the charge. In passing upon the probative worth of such a statement, this Court held: "Had appellant remained silent the effect of his action would have been neither to admit nor deny the charge, which silence could not have been used against him. When his only words on the subject were that he neither admitted nor denied the charge, it was equivalent to remaining silent. We can see no distinction between one remaining silent when charged with a crime and answering, 'I neither admit nor deny the charge'. In effect it is one and the same thing."

■  We are aware of the fact that appellant resorted to unusual words in his effort to declare his innocence. However, under the authority of White v. Commonwealth, supra, we conclude the corroborative evidence was insufficient to link him with the break-in charge.

Wherefore, the judgment is reversed and the case is remanded with the direction that, in the event of a new trial if the evidence be the same, the indictment will be ordered dismissed.