Wayne PEEK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Wayne McDOWELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Robert LAWLESS and Junior Dickerson, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 26, 1967.

J. William Howerton, R. L. Myre, Sr., Robert Reed, Donald S. Muir, Paducah, for appellants.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Appellants were convicted of the crime of storehouse breaking under KRS 433.190. They were each sentenced to one year in prison. Appellants Robert Lawless and Junior Dickerson prosecute a joint appeal and file a joint brief. Appellants Wayne Peek and Wayne McDowell file separate appeals and separate briefs. Different attorneys represent appellants on the separate appeals noted above.

Appellant Lawless signed a written confession before trial and introduced it as a part of his evidence. He also admitted the crime on the witness stand and inculpated the other three codefendants.

Appellant Dickerson signed a written confession before trial. He did not testify on the trial, but his attorney filed on behalf of his client Dickerson the latter's written confession.

Appellant McDowell made a verbal confession that he went with Dickerson to sell the saddle. He also gave a written confession conforming to his verbal admission, but it was not introduced in evidence. His verbal admission was established by the testimony of the sheriff.

Appellant Peek made no confession and did not testify at the trial.

The first question raised, common to all three appeals, relates to the ruling of the trial court denying motion for separate trials authorized by RCr 9.16. The motions were not made in writing as required by RCr 8.14, but they were apparently made at the commencement of the trial and before the jury was sworn. So the motions for separate trials were apparently sufficient. This record does not contain the grounds on which the motions relied, nor does it contain any evidence of a hearing thereon.

The trial court must rule on motion for separate trials before trial. It it apparent that the party moving for a separate trial has the burden of showing facts justifying the relief he seeks. In the absence of a showing, we must presume the party making the motion for separate trial failed to meet the burden and that the trial court did not abuse its discretion in overruling the motion for separate trials. Smith v. Commonwealth, Ky., 375 S.W.2d 819.

The next argument relied on by all appellants relates to the introduction of evidence of "out of court" confession. Ap-

pellant Lawless, as heretofore noted, admitted the crime on the witness stand. He will not be heard to complain now to the introduction of evidence pertaining to confessions. Appellant Dickerson is in the same posture by reason of his own act in introducing his own written confession.

■ This leaves only McDowell's confession to be examined to determine whether it was voluntarily given. McDowell made his written confession in the presence of the county attorney and others after being in jail for one week. The sheriff testified McDowell made the confession that he went with Dickerson the morning after the crime was committed to try to sell the saddle to Collins. The sheriff also said McDowell consented to sign the confession only after his bondsman insisted upon McDowell telling the truth before he (the bondsman) would sign the bond. The State is not, and should not be, charged with any undue influence, pressure, sweating, or inducement exercised by a private citizen, acting on his own, not in concert with the officers of the State.

■ It is concluded McDowell's confession was not involuntarily given.

Appellant Peek questions the evidence pertaining to the confessions of the other three appellants, but it appears abundant admonitions were given by the trial judge not to consider any of the confessions against Peek.

■ Peek's argument that he was entitled to a directed verdict of acquittal presents a difficult question. The answer to this question requires close scrutiny of the evidence. In resolving this question, we must disregard all the evidence relative to the three confessions, although the confessions indicate Peek was the "brains" of the infraction charged. There is evidence by disinterested witnesses that Peek and his companion, McDowell, met the other two appellants at a tavern late at night and left together a short time before the commission of the crime; that he "pushed"

or helped get the automobile of Lawless and Dickerson started; that he and McDowell went bright and early the morning after the crime to rendezvous with Lawless and Dickerson; Dickerson and Peek's companion, McDowell, took a saddle, identified as one of the stolen items, in Peek's automobile and tried to sell it to Collins. Failing in this attempt to liquidate the fruits of the crime, they hid the saddle in a building in Peek's home community, where he was familiar with the countryside.

■ We conclude this circumstantial evidence is sufficient corroboration of the evidence of his accomplices to support the conviction of Peek. See Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964); Hart v. Commonwealth, Ky., 389 S.W.2d 939 (1965); Hammershoy v. Commonwealth, Ky., 408 S.W.2d 624 (1966); and Perkins v. Commonwealth, Ky., 409 S.W.2d 294 (1966).

■ All four appellants complain of the instructions. No instruction was given relative to the evidence of the accomplices. But, as noted above, proper and ample admonitions were given when such evidence was given. In any event, Lawless and Dickerson are in no position to complain, having introduced their own confessions. If McDowell's confession was made knowingly and voluntarily, and we conclude from the evidence it was so made, he was not entitled to an instruction on the weight to be given the evidence of his accomplices. It is not error to refuse an accomplice instruction if there is adequate evidence to convict without the testimony of the accomplice. Combs v. Commonwealth, Ky., 341 S.W.2d 774 (1961); Dunn v. Commonwealth, Ky., 350 S.W.2d 709 (1961); Cox v. Commonwealth, Ky., 356 S.W.2d 766 (1962); and Schweinefuss v. Commonwealth, Ky., 395 S.W.2d 370 (1965).

Upon the same principle, insofar as Peek is concerned the trial court's failure to give an accomplice instruction was not error, because there was sufficient evidence to sup-

port the verdict even without the evidence of the accomplices.

 The sufficiency of the indictment is questioned. It cites KRS 430.190 which is not the correct number of the statute on storehouse breaking. The correct number of the statute is KRS 433.190. However, the indictment correctly described the crime as "storehouse breaking," which was sufficient. RCr 6.10; Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21 (1966). Furthermore, no motion was made for a bill of particulars. RCr 6.22.

 Appellants Lawless and Dickerson attack their confessions as having been made involuntarily and without the assistance of counsel. The introduction of their confessions on the trial when they had the assistance of counsel constituted a complete waiver of this question.

The judgment is affirmed.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN, STEINFELD and PALMORE, JJ., concur.

OSBORNE, J., not sitting.