Larry Tyrone **LENSTON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Thomas A. **SCOTT**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 29, 1973.

Stuart Lyon, Don H. Major, Edwin F. Kagin, Jr., Louisville, for appellant Scott.

Rudolph V. Binus, Louisville, for appellant Lenston.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, Edwin A. Schroering, Jr., Commonwealth's Atty., Louisville, for appellee.

REED, Justice.

The defendants, Lenston and Scott, were jointly tried and convicted of the murder during the course of an armed robbery of two Louisville police officers who had been dispatched to the scene of the crime; two other police officers were seriously wounded. The jury verdict determined the punishment of each defendant should be death. Both defendants appealed and the appeals were consolidated for consideration. The defendant, Scott, and his attorneys asserted that this court was without authority to determine his appeal and filed actions in federal district courts in this state against the members of this court. We deferred consideration of this appeal in view of the pending federal actions. Scott appealed rulings adverse to him [1] to

the United States Supreme Court where his application for review was rejected. A related action by his attorneys as parties in the role of citizens and taxpayers of Jefferson County, Kentucky, culminated in a judgment adverse to them; that judgment has been recently affirmed by the United States Supreme Court. Kaplan et al. v. Milliken et al., 412 U.S. 901, 93 S.Ct. 2293, 36 L.Ed.2d 967 (decided May 21, 1973). Since our constitutional authority to determine the appeals has been federally validated, we have considered the issues under state law that have been advanced by the defendants.

Although we entertain grave doubt that a criminal defendant has standing to question the apportionment of districts from which judges of this court are elected under Section 116 of the Constitution of Kentucky, we are convinced that regardless of the standing issue the current apportionment made by the General Assembly in 1972 (KRS 21.021) is in complete compliance with federal and state constitutional requirements. Indeed, the county of which Scott is a citizen has constituted a single district at all times concerned. Prior legislative inaction concerning other districts could hardly have a constitutional result that would require a cessation of judicial action.[2] Scott's contentions in this aspect of the case are without merit. His attack on the system of election of the judges of the Jefferson Circuit Court falls of its own weight. Neither he nor his attorneys even asserted it in their various suits in the federal courts.

We also have concluded that the decision of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), as applied by this court in Caine v. Commonwealth, Ky., 491 S.W.2d 824 (1973), requires that the punishment of death as-

1. Scott v. Hill, 449 F.2d 634 (CA6, 1971). 1971).

2. Cf. Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d

1 (1969). See also Lemon v. Kurtzman, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (Decided April 2, 1973).

sessed by the jury against Scott and Lenston be reduced to life imprisonment, the only lower penalty authorized for the commission of murder (KRS 435.010). This circumstance destroys the possible effect of many alleged trial errors asserted by Scott and Lenston. For example, both defendants allege numerous errors concerning the voir dire of prospective jurors and the trial judge's rulings on challenges for cause of various jurors, and the errors are based on alleged violations of the requirements of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). We have examined the record and find that the jurors were properly qualified so far as the issue of guilt or innocence was concerned. The Witherspoon rule has been relegated to mere historic lore by the decision in Furman. We find no error prejudicial to the defendants in the voir dire process nor in the process of challenges for cause or peremptory challenges.

■ We hold that the trial court did not err in failing to grant a change of venue. None of the affidavits supporting the motion for a change alleged that the affiants were acquainted with the state of public opinion in Jefferson County, Kentucky, as required by KRS 452.220(2). The problem of whether to grant a change of venue is peculiarly within the discretion of the trial judge. We cannot say that he abused his discretion in this instance. See Hurley v. Commonwealth, Ky., 451 S.W.2d 838 (1970), and Garr v. Commonwealth, Ky., 463 S.W.2d 109 (1971).

The contention of the defendants that the jury selection process in Jefferson County, Kentucky, in accordance with KRS 29.075 resulted in an impermissible systematic exclusion of qualified segments of the community was examined and rejected in Splunge v. Commonwealth, Ky., 487 S.W.2d 925 (1972), to which decision we adhere.

■ Scott's argument that he was entitled to a pretrial hearing on "the question of sanity" is patently without substance. Scott had been incarcerated a sufficient length of time prior to trial that his attraction to drugs could not have affected his ability to comprehend the nature of the proceedings against him and to participate intelligently and rationally in his defense. Scott testified at his trial. There was never really a claim made that he could not intelligently and rationally participate in the trial. The issue of his insanity at the time of the commission of the offense was presented to the jury by proper instruction. The trial judge did not err in this regard. Dye v. Commonwealth, Ky., 477 S.W.2d 805 (1972).

■ Scott complains that the trial judge erred when he failed to remove a framed copy of the Ten Commandments from the wall of the courtroom. His brief advises us that "his entire life had been in opposition to the Ten Commandments." There is no evidence that the jurors noticed or read the framed copy. It would be difficult to procure jurors in this hemisphere or Europe who did not have some knowledge of the provisions of the Ten Commandments. There was no pervasive religious atmosphere. In our view, Scott was no more prejudiced than he would have been had he been tried in London's Old Bailey with the sword of justice on the wall behind the judge's chair located in a building with an inscription on its entrance that counsels punishment of the wrongdoer. We regard this assertion of error as near frivolous.

Scott freely injected into the case his life of crime from juvenile days to adulthood. His defense of voluntary drug addiction actually amounted to confession and mitigation of punishment. By reason of the Furman opinion, he has succeeded. Scott has repeatedly admitted without hesitation the foray of armed robbery and murder.

■■ Lenston accompanied Scott to the grocery store. He was present and cooperating when Scott tied up the store's owner with wire and robbed him. Lenston denied admission to the store to some children

**564**

while the robbery was in progress. Without a whisper of testimony from Scott, it was clearly established that Lenston was Scott's ally in the robbery from the time they entered the store until the policemen were killed. His argument that because he did not fire the fatal shots or inflict bodily harm on the occupants of the store, he was entitled to a directed verdict of acquittal borders on the absurd. Cf. Smith v. Commonwealth, Ky., 473 S.W.2d 829 (1971). There was no need for an accomplice instruction. Peek v. Commonwealth, Ky., 415 S.W.2d 854 (1967). Lenston was clearly and convincingly proved guilty under the felony murder doctrine.

We have reviewed the instructions and do not find them prejudicially erroneous. The jury was not misled. The issues of insanity and use of narcotics were submitted in sufficiently clear fashion to advise the jury what it needed to consider.

We do not approve of the histrionics engaged in by the prosecutor in his final argument to the jury. The display of the clothes worn by the dead officers was unnecessary and erroneous. For a prosecutor to endanger the final result of a difficult and prolonged trial by such antics is difficult to understand. Nevertheless, the proof of guilt was so overwhelming and the enormity of the crime so apparent that we are convinced that any possible prejudice would flow only to the penalty phase of the proceedings. Since the extreme penalty has been reduced to the only other alternative penalty, we are sure the error has lost its prejudicial effect. No other outcome on the issue of guilt is conceivable.

Other errors asserted are deemed without sufficient substance to warrant discussion.

The judgments will be amended to reduce the sentences from death to life imprisonment. As so amended they are affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.