STATE v. MILES LaROSE.

174 N. W. (2d) 247.

January 30, 1970—No. 41390.

*John S. Connolly,* for appellant.

*Douglas M. Head,* Attorney General, *Joseph P. Summers,* Corporation Counsel, *James W. Kenney,* Assistant Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant was convicted of tampering with an automobile in violation of Minn. St. 609.605(9). That statute provides as follows:

"Whoever intentionally does any of the following may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $100:

\* \* \* \* \*

"(9) Without the permission of the owner, tampers with or gets into or upon a motor vehicle as defined in section 609.55, subdivision 1, or rides in or upon such motor vehicle knowing it was taken and is being driven by another without the permission of the owner."

Defendant was tried without a jury in the municipal court of the city of St. Paul and found guilty. On appeal, he challenges the admissibility of his confession and attacks the constitutionality of the statute.

On February 9, 1968, one Donald Erskine parked his automobile in a shopping center and upon his return to the vehicle found defendant sitting in his car with a screwdriver in his hand. It was later determined that the lock on the glove compartment had been punched out. Defendant was detained by Erskine and a companion until the police arrived, after which Erskine perfected a formal citizen's arrest. In the interim, defendant told Erskine that he was in the car to keep warm. Erskine testified that defendant stated "it was people like me [Erskine] that made it hard on people like him [defendant]," adding, "You know, my wife will kill me for this." Thereupon, defendant offered Erskine $10 to release him.

1. Defendant objected to the introduction of testimony regarding his conversation with Erskine on the ground that he was denied a so-called Miranda warning. We find no merit in this contention. Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, was directed at custodial police interrogation which in that decision was defined as "questioning initiated by law-enforcement officers after a person has been taken into custody." 384 U. S. 444, 86 S. Ct. 1612, 16 L. ed. (2d) 706. We hold that the exclusionary rule adopted in the Miranda case has no application with respect to a citizen's arrest under the circumstances here involved.

2. Defendant further contends that the statute under which he was convicted was unconstitutionally vague. Whether, as applied to other fact situations, the tampering statute is vulnerable, we do not decide. Under the circumstances in the instant case there was sufficient evidence from which the court could infer that defendant had broken the lock of the glove compartment. Consequently, we have no difficulty in

holding the statute valid with respect to the matter here for review, and the conviction is affirmed.

Affirmed.