113 N.J. Super. 169 (1971)
273 A.2d 371
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND KELLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1971.
Decided January 28, 1971.
*170 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Jerrold S. Fond argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Joseph A. Fusco, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by MOUNTAIN, J.A.D.
Defendant appeals from a conviction following a jury verdict of guilty of larceny of a revolver under N.J.S.A. 2A:119-2.
The revolver was allegedly stolen from Walter King, a security guard employed by State Patrol Service, Inc., a *171 private agency. About two weeks after the theft, King, accompanied by two other employees of the same agency, encountered defendant at about 1:30 A.M. on Charlton Street in Newark in front of an abandoned house. King and at least one of his companions wore security guard uniforms. Defendant confessed to the theft of the revolver, but only, according to his testimony, after one of the men had twisted his arm behind his back and he had become frightened.
Defendant claimed that his inculpatory statement, a definite confession of guilt, had been extracted from him involuntarily by the use of force and coercion. His counsel requested a hearing out of the presence of the jury to determine the admissibility of the confession. The request was denied. This was error and requires reversal. Evidence Rule 8(3) provides that,
In the case of a statement against the penal interest of the defendant on trial in a criminal proceeding, the judge, if requested, shall hear and determine the question of its admissibility out of the presence and hearing of the jury. In such a hearing the rules of evidence shall apply and the burden of proof as to admissibility of the statement is on the prosecution. If the judge admits the statement he shall not inform the jury that he has made a finding that the statement is admissible, and he shall instruct the jury that they are to disregard the statement if they find that it is inadmissible under the rules of law pertaining to such statements. The judge shall strike the statement from the record and instruct the jury to disregard it if he subsequently determines that a jury could not reasonably find that the statement was admissible. [Emphasis supplied]
This rule embodies a requirement of constitutional dimension. In State v. Yough, 49 N.J. 587, 599 (1967), Justice Jacobs pointed out that "In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Supreme Court announced a constitutional rule that `a jury is not to hear of a confession until the trial judge has determined that it was freely and voluntarily given.' Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, 598 (1967)." Under our evidence rule set forth above the voluntariness *172 of the confession must also be tested by the jury. This should have been explained in the court's charge.
Defendant has further argued that his incriminating statement should have been excluded since he was not first given the warnings laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree with the trial court that under the circumstances here present Miranda had no application. The authorities appear to be in substantial agreement that unless the interrogator possesses law enforcement authority bestowed by some arm of government, Miranda will not apply. In each of the following cases it was held inapplicable: People v. Frank, 52 Misc.2d 266, 275 N.Y.S.2d 570 (Sup. Ct. 1966) (questioning by store security guards); Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (Sup. Ct. 1967) (interrogation by supervisors of gambling casino); McElroy v. State, 204 So.2d 463 (Miss. Sup. Ct. 1967) (questioning of suspect by theft victim); State v. Rodgers, 251 La. 953, 207 So.2d 755 (Sup. Ct. 1968) (questioning by employee of theft victim while aiding police investigation); State v. Little, 201 Kan. 94, 439 P.2d 387 (Sup. Ct. 1969) (interrogation by theft victim  police officer present); State v. LaRose, 286 Minn. 517, 174 N.W.2d 247 (Sup. Ct. 1970) (questioning by victim making citizen's arrest while awaiting police). In Pratt v. State, 9 Md. App. 220, 263 A.2d 247 (1970), however, where the interrogating security officer had been "sworn as a state officer by the State of Maryland, by the governor of Maryland as a police officer to protect the property of Montgomery Wards," the requirements of Miranda were held to apply. There is nothing in the record before us to show that Walter King and his colleagues held any authorization to act as public law enforcement agents.
Reversed and remanded for a new trial.