314 A.2d 133 (1974)
In the Matter of R. A. H., Appellant.
No. 7211.
District of Columbia Court of Appeals.
Argued December 13, 1973.
Decided January 18, 1974.
Louis Fireison, Washington, D. C., appointed by this court, for appellant.
Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before KELLY, NEBEKER and PAIR, Associate Judges.
NEBEKER, Associate Judge:
This appeal from a delinquency adjudication arising from a charge of robbery[1] presents the questions whether a confession and evidence recovered because of the confession were admissible, and, if not, whether the adjudication may stand on other independent evidence. We hold in the negative as to each question and reverse and remand for a new trial.
Appellant contends that he was denied his Sixth Amendment right to counsel and that there was insufficient evidence to sustain the court's finding that appellant had made an intelligent and voluntary waiver of his right to remain silent under the Fifth Amendment. We agree that the police actions subsequent to the arrest did not comply with the procedural directives outlined in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[2]
The record contains both testimony and evidence that appellant, after having his rights stated to him, made a request for assistance of counsel. It further reflects that after the request was made interrogation continued and appellant confessed and helped the police recover the purse taken during the robbery.
Miranda v. Arizona, supra, at 444-445, 86 S.Ct. at 1612, specifically states:
If, however, he [the accused] indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. . . . *134 Before interrogation the police had appellant sign a waiver form. He initially wrote "No" in response to the question whether he wanted counsel, but that was deleted and "Yes" was written in. The interrogating officer testified that appellant was questioned after he had signed the form even though the officers were aware that appellant wished the presence of an attorney. We must, therefore, conclude that appellant's right to counsel was violated by the officers' conduct.
Government counsel on appeal asserted that even without this inadmissible evidence there is sufficient proof to sustain the finding of the trial court. We are unable to agree with that assertion. See Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).
Reversed and remanded for a new trial.
NOTES
[1] D.C.Code 1973, § 22-2901.
[2] It is, thus, unnecessary to decide the Fifth Amendment issue.