367 A.2d 133 (1976)
In the Matter of C. P. D., Appellant.
No. 10783.
District of Columbia Court of Appeals.
Submitted October 21, 1976.
Decided December 30, 1976.
Richard S. Bromberg, Washington, D. C., appointed by this court, for appellant.
John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton, Alexander E. Conlyn and Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., for appellee.
Before FICKLING, NEBEKER and MACK, Associate Judges.
*134 FICKLING, Associate Judge:
In a fact-finding hearing conducted in the Juvenile Branch of the Family Division of the Superior Court, appellant was found to have been involved in the commission of second-degree burglary, D.C. Code 1973, § 22-1801(b), and petit larceny, D.C.Code 1973, § 22-2202. Appellant argued below that an inculpatory statement he made while in police custody should have been ruled inadmissible, and he renews this contention on appeal. After careful consideration of the entire record before us, we affirm.
On June 1, 1975, appellant, then 11 years old, was arrested by Detective Flatley of the Metropolitan Police Department in connection with the reported break-in of an apartment located in the District. Appellant and his stepfather were taken to the Seventh District Youth Services Office where Detective Flatley apprised appellant of his rights, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). Appellant indicated that he did not wish to answer any questions.
However, in response to a question posed by his stepfather, appellant admitted having been in the apartment in question. Detective Flatley was in the room when this exchange occurred and testified at the hearing below as to appellant's statement. This testimony, as well as the identification of appellant by an 11-year-old eyewitness to the incident, constituted the government's case at the hearing.
Counsel for appellant moved to suppress appellant's statement, arguing that it was elicited illegally after appellant had indicated that he did not wish to answer any further questions. That motion was denied.
The record indicates that Detective Flatley also questioned appellant after his refusal to answer any further questions. However, the nature of this interrogation, and whether it occurred before or after the response to the question posed by appellant's stepfather, is not clear. It is clear from the record, however, that the statement in issue on appeal was not given in response to police interrogation. Nevertheless, appellant contends in this court that his statement should have been suppressed because it was elicited in violation of his Miranda rights, and because it was not voluntary. We disagree with both of these contentions.
In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), held that the requirements of Miranda apply equally to the custodial interrogation of juveniles. See also In re Creek, D.C.App., 243 A.2d 49 (1968). It is, of course, true that when a statement is obtained in response to custodial interrogation conducted in dereliction of these requirements, that statement is rendered inadmissible. In re R. A. H., D.C.App., 314 A.2d 133 (1974). However, by "custodial interrogation" the Miranda court meant "questioning initiated by law enforcement officers." Miranda v. Arizona, supra, 384 U.S. at 444, 86 S.Ct. at 1612. It has been held frequently that "unless the interrogator possesses law enforcement authority. . . Miranda will not apply." State v. Kelly, 113 N.J.Super. 169, 172, 273 A.2d 371, 372 (1971), remanded on other grounds, 61 N.J. 283, 294 A.2d 41 (1972). See also State v. Little, 201 Kan. 94, 98, 439 P.2d 387, 391 (1968); Peek v. Commonwealth, 415 S.W.2d 854, 856 (Ky. 1967); Minor v. State, 6 Md.App. 82, 87, 250 A.2d 113, 116 (1969).
Furthermore, a similar requirement exists as a prerequisite to the suppression of a statement on voluntariness grounds.
The basis for the constitutional doctrine that involuntary confessions are inadmissible. . . is the Fifth Amendment privilege against self-incrimination. The language of the self-incrimination clause, "[n]o person. . . shall be compelled in any criminal case to be a witness against himself *135 . . .," demonstrates that some form of governmental compulsion is a basic element of an involuntary confession.. . . [United States v. Bernett, 161 U.S.App.D.C. 363, 385-86, 495 F.2d 943, 965-66 (1974) (emphasis in original).]
See also State v. Vogel, 45 N.J. 400, 404, 212 A.2d 560, 562 (1965).
Since appellant's statement was not given in response to police interrogation, and since there is nothing in the record before us to suggest that it was in any way involuntarily obtained as a result of compulsion, we hold that it was correctly admitted into evidence below. Fuller v. United States, 132 U.S.App.D.C. 264, 278, 407 F.2d 1199, 1212 (1967), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969); see State v. Little, supra; Minor v. State, supra; State v. Thompson, 287 N.C. 303, 214 S.E.2d 742 (1975); Weatherly v. State, 477 S.W.2d 572, 576 (Tex. Cr.App.1972).
Affirmed.