Leonard F. KING, a/k/a Lenny King, Appellant,

v.

UNITED STATES, Appellee.

No. 10524.

District of Columbia Court of Appeals.

Argued Dec. 7, 1976.

Decided March 22, 1977.

Thomas William Ullrich, Washington, D. C., appointed by the court, for appellant.

David R. Addis, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Lawrence H. Wechsler and Barry L. Leibowitz, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEWMAN, Chief Judge:

Appellant was convicted by jury of premeditated murder while armed, armed robbery, and a related weapons offense. His principal claims of error relate to the trial court's denial of: (1) his motion to suppress his confession, and (2) his motion to inspect the Police Department homicide file. We affirm.

During the evening of June 17, 1974, employees of a Seven-Eleven store in the Dis-

trict of Columbia were robbed at gunpoint by two men. Several hours thereafter, a policeman discovered Anthony Ward, appellant's accomplice in the armed robberies, who was dying of gunshot wounds.

In late June of 1974, appellant was arrested for the murder of Ward. He made an exculpatory statement to the police. In spite thereof, he was formally charged by felony complaint with murder, presented, and counsel appointed. At the preliminary hearing on July 2, 1974, the court found no probable cause to bind the defendant over to a grand jury and the complaint was dismissed.

 More than eight months thereafter, appellant was arrested on a warrant for a totally unrelated robbery. By prearrangement with the homicide detective assigned the continuing investigation of the Ward murder, appellant was transported to the homicide office. After proper advice by police officers of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant gave a full written confession of the robbery of the Seven-Eleven and the killing of his robbery accomplice, Anthony Ward. It was the ruling of the trial court denying suppression of this confession that is appellant's first assignment of error.

At the conclusion of the hearing on the motion to suppress, the trial court made the following findings:

"The Court specifically finds that Leonard King was advised of his rights on several occasions on the evening of March 3 [*sic*] and in the early morning of March 12.

The Court further finds that Mr. King understood those rights and that he freely and voluntarily waived those rights.

The Court finds that the statement was not a product of any over-reaching or improper activity of the Police Department. That Mr. King gave a statement shortly after being addressed by the officer.

Further, the Court concludes that Mr. King was not in a continuing attorney/client relationship with Mr. ... Mr. ... responsibility to Mr. King would, unless Mr. King had been indicted, have been terminated with the finding of no probable cause.

The Court has before it no evidence that Mr. King had a continuing relationship with counsel who represented him in the proceedings almost nine months earlier."

Appellant does not challenge these findings. *Cf. United States v. Johnson*, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946). Rather he seeks to avoid their impact by contending that since he previously had counsel appointed on the same charge, his subsequent interrogation in the absence of that attorney was a *per se* violation of his Sixth Amendment right to counsel. He argues that once counsel has been appointed, a defendant can not thereafter knowingly and voluntarily waive his right to counsel without such counsel being present. We know of no authority to support this proposition and appellant cites us none which is in point. Indeed, the decisions of both the Supreme Court and this court point to the opposite results: *cf. Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Rosser v. United States*, D.C.App., 313 A.2d 876 (1974). Appellant seeks support for his contention in such cases as *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Spano v. New York*, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959); *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and *In re R. A. H.*, D.C.App., 314 A.2d 133 (1974). These cases are easily distinguishable for they all involve either affirmative denial of right to counsel or breach of such surreptitiously. None of them involved a knowing, voluntary waiver of a known right. Here the trial court found: (1) that there was no existent attorney/client relationship, and (2) appellant waived his right to have new counsel. Since such findings are supported

by the evidence, we are bound by them. D.C.Code 1973, § 17–305(a).[1]

Appellant sought an order of the trial court for inspection either by counsel or by the court in camera of the homicide investigation file. He contended that an inspection thereof might lead to evidence supporting his contention that he remained the prime suspect in the murder of Anthony Ward between the dismissal of the murder complaint after the preliminary hearing on July 2, 1974, and his rearrest in March 1975. However, since this "fact", even if established, would have been irrelevant to the issue of his right to counsel or waiver thereof, the trial court was correct in denying this motion.[2]

The judgment of the trial court is

*Affirmed.*

---

1. As in *Boykins v. United States*, D.C.App., 366 A.2d 133 (1976), we note that the question of what result would follow if government agents communicated with a represented defendant without notice to, and permission of, his counsel is not presently before us.

2. We have examined appellant's remaining assignments of error and find them to be without merit.